UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Marilyn B. Cavanaugh            Case No. 20-10485-JA

    Debtor(s).

## **OBJECTION TO CLAIM OF CITIMORTGAGE (Claim #9)**

Marilyn B. Cavanaugh, by and through her undersigned counsel, GAFFNEY LAW, PC (Joel Alan Gaffney, Esq.), hereby objects to the claim of Citimortgage ("**Creditor**"), in the amount of $154,682.26, filed on May 11, 2020. In support of that Objection, the Debtor states:

1) On November 26, 2019, the Debtor, through her counsel, sent a letter to CENLAR, the loan servicer for Creditor, requesting a reinstatement quote for the Creditor's claim so she could include that figure in a proposed Chapter 13 plan. Creditor's agent had not, as of the date this case was filed, responded to that letter. Instead of responding to the Debtor's request for a reinstatement quote, Creditor retained counsel and commenced a foreclosure proceeding.

2) On February 12, 2020, the Debtor, through her counsel, sent a letter to Creditor's foreclosure counsel, McCarthy Holthus, enclosing a copy of the November letter and again requesting a reinstatement quote. Creditor's counsel confirmed receipt of the letter on February 18, 2020 and advised that a 15-day reinstatement quote would be provided.

3) On March 2, 2020, the Debtor commenced this case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code. At the time the case was filed, it had been 97 days since the Debtor first requested a reinstatement quote, and one had not yet been provided.

4) The note that forms the basis for Creditor's claim states: "the Note Holder will have the

right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." (Claim # 9, page 28 of 45).

5) Had Creditor responded to Debtor's request for a reinstatement quote that was sent in November 2019, she would have commenced this Chapter 13 case in December 2019 using the reinstatement figure provided in her plan. Because Creditor did not respond, Debtor delayed the filing of her case until she was able to contact the Creditor. This delay increased the Debtor's arrears, both in terms of principal and interest payments due and in terms of attorneys' fees accrued.

6) Under 11 U.S.C. § 502(b)(1), the Court should disallow a claim, "to the extent that . . . such claim is unenforceable . . . for a reason other than because such claim is contingent or unmatured."

7) Creditor's proof of claim indicates that it incurred $4,021.24 in attorneys' and court fees after the Debtor requested a reinstatement quote and before the Creditor provided one. A reasonable response to receiving a reinstatement quote from a borrower who indicates they are planning to file a Chapter 13 bankruptcy that would pay Creditor in full would be to provide the reinstatement quote before incurring any further fees or expenses.

8) Accordingly, Creditor's claim should be allowed only in the amount of $150,661.02, with the amount necessary to cure the default determined to be $19,883.19.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested above and granting such other and further relief as the Court may deem just and proper.

-2-

Case 20-10485-j13    Doc 29    Filed 06/19/20    Entered 06/19/20 13:06:24 Page 2 of 3

Date: June 19, 2020        GAFFNEY LAW, PC

By:        *s/ Joel Alan Gaffney, Esq.*
           Joel Alan Gaffney, Esq.
           6565 America's Parkway Ste 200
           Albuquerque, NM 87110
           (505) 563-5508
           joel@gaffneylaw.com

<u>Certificate of Service</u>

    I certify that, on the date set forth above, copies of this notice were served 1) via CM/ECF electronic notice on all creditors and parties in interest listed on the notice of electronic filing associated with this document; 2) via first class mail, postage prepaid on all persons who have requested notice in this case but who do not receive electronic notice through CM/ECF; and 3) upon Citimortgage at the notice address listed on the proof of claim.

           *s/ Joel Alan Gaffney, Esq.*
           Joel Alan Gaffney, Esq.